No. 44.—John D. Thompson, plaintiff in error, *vs.* The State of Georgia, defendant.

[1.] Where it appeared from the minutes of the Court of a particular day, that one of the Grand Jurors had been excused for the balance of the term, and, also, that a true bill had been returned, on the same day, by the Grand Jury against a defendant, in which the name of the excused Juror was inserted: *Held*, that the minutes of the Court did not afford even presumptive evidence that the bill of indictment was found by the Grand Jury, after the excused Grand Juror had left the body of his fellow Jurors, and was not sufficient to quash the bill of indictment.

Indictment, in Wilkes Superior Court. Tried before Judge Baxter, September Term, 1850.

For the facts in this case, see the judgment of the Court.

Barnett, represented by A. J. Miller, for plaintiff.

Sol. Gen. Weems and Cone, for defendant.

*By the Court.*—Warner, J. delivering the opinion.

Two grounds of error are assigned to the judgment of the Court below in this case.

[1.] First, because the Court refused to quash the indictment, on the ground, that it appeared on the minutes of the Court that Bowdrie, one of the Grand Jurors, had been discharged from further service on the Jury, during the term of the Court, and before the entry on the minutes of the Court of the return of the bill of indictment against the defendant. Second, because the Court refused to continue the cause, on the statement of the defendant, that he expected to be able to procure the testimony of said Grand Juror, that he had been discharged prior to the finding said bill of indictment by the Grand Jury.

We are of the opinion there was no error in the judgment of the Court below in refusing to quash the indictment. The entry on the minutes of the Court on the same day that a true bill

was found by the Grand Jury against the defendant, that one of the Grand Jurors, who had been sworn, was excused for the balance of the term, did not furnish even presumptive evidence against the presence of the Grand Juror at the time the bill was found by the body of which he was a member ; especially when the name of the Juror was inserted in the bill of indictment. Although excused, it was the privilege of the Juror to avail himself of it, or not, as he might think proper. We will not control the discretion of the Court below in refusing to grant the continuance of the cause.

Let the judgment of the Court below be affirmed.